# In the United States Court of Federal Claims

No. 19-1888C

(Filed: March 5, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Motion to Proceed Under Pseudonym; RCFC 10(a). |

ORDER

On December 11, 2019, plaintiff filed a complaint under the name "John Doe," ECF No. 1, and a motion for leave to proceed under that pseudonym, ECF No. 2. In his motion, plaintiff argues that special circumstances make it necessary for him to proceed anonymously. See ECF No. 2. Defendant filed a response in opposition, ECF No. 8, and plaintiff filed a reply, ECF No. 9. For the following reasons, plaintiff's motion for leave to proceed under a pseudonym is **DENIED**.

I. Background

Plaintiff served in the United States Marine Corps from 2001, until his discharge in 2018. See ECF No. 1 at 3. During the relevant portion of his service, plaintiff worked as an attorney in various capacities. See id. at 3-7. Plaintiff alleges that "discrimination, assault, humiliation, and hazing" led him to file a complaint with the Marine Corps Inspector General against his superior officer, which resulted in multiple instances of retaliation and ultimately—through duress and coercion—led to his wrongful discharge. See id. at 25-26.

In his motion to proceed anonymously, plaintiff asserts that, in light of his retaliation allegations, his interest in maintaining his anonymity outweighs the public's interest in the disclosure of his identity and any prejudice to defendant. See ECF No. 2 at 1. Plaintiff argues that the retaliation he experienced during his service caused him a "significant amount of psychological harm" such that he has a reasonable fear of future

retaliation and a diminished reputation. Id. at 2-4. Defendant opposes plaintiff's motion. See ECF No. 9. Plaintiff's motion is fully briefed and ripe.

## II. Legal Standards

Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) provides that the "title of the complaint must name all the parties." For good cause shown, the court may allow the sealing of filings and subsequently the redaction of filings to protect privacy. Because "the use of pseudonyms in a complaint is contrary to" Rule 10(a)'s requirement, Whalen v. United States, 80 Fed. Cl. 685, 691 (2008), the court may permit a party to proceed anonymously "only where unusual circumstances justify concealing a party's identity," Boggs v. United States, 143 Fed. Cl. 508, 511 (2019) (quoting Whalen, 80 Fed. Cl. at 691)).[1]

In deciding whether a party may proceed anonymously, the court balances the party's need for anonymity against the "general presumption that parties' identities [will] be available to the public and the likelihood of prejudice to the opposing party." Id. The court's decision turns on its consideration of five factors first set forth by the Ninth Circuit: (1) "the severity of the harm threatened against the party requesting anonymity; (2) the reasonableness of the fear of that harm; (3) the requesting party's vulnerability to such harm; (4) the public interest in permitting or denying anonymity; and (5) prejudice to the opposing party." See id. at 512 (quoting in part Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000)); see also Doe No. 1 v. United States, 143 Fed. Cl. 238, 240 (2019).

## III. Analysis

### A. Plaintiff's Interest in Proceeding Anonymously

Plaintiff argues that the retaliation he experienced during his tenure in the Marine Corps caused him "a significant amount of psychological harm" and that continued retaliation would compound that harm. ECF No. 2 at 2-3. Plaintiff's fear of continued retaliation is reasonable, he contends, based on the retaliation he claims to have experienced after his military discharge. See id. at 3. Plaintiff asserts that he is particularly vulnerable to harm because, as an attorney, public information about his

---

[1] Although the Whalen and Boggs decisions, and the cases on which they rely, are not binding on this court, they are deemed persuasive authority here. See, e.g., W. Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994) ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court.") (citations omitted).

impacted mental health would "diminish [his] reputation in society, among lawyers, [and] among potential clients," and would also diminish his economic prospects by compromising the likelihood of his prospective employment. Id. at 3-4.

Defendant responds that plaintiff has failed to identify a specific, and thereby a reasonable, fear of retaliation that adequately overcomes the public's interest in open court proceedings. See ECF No. 8 at 4. Defendant asserts that plaintiff's alleged harms are "hypothetical" and do not "constitute the kind of unusual, severe, or extraordinary harms sufficient to justify proceeding under a pseudonym." Id. at 4-5. Defendant posits that because plaintiff is no longer employed by the government, the government's ability to retaliate against him is diminished. See id. at 7. Defendant further posits that because plaintiff's identity is already known to the government, any potential retaliation would not be prevented by allowing him to proceed anonymously. See id. Defendant contends that plaintiff's concerns are more suitably addressed by a protective order and appropriate redaction. See id. at 8.

The court agrees with defendant. Plaintiff's expressed generalized fear of retaliation and reputational harm appears to be consistent with the sort of concern that might exist whenever a plaintiff elects to bring this type of case. A review of the cases in which a fearful plaintiff has been permitted to proceed anonymously indicates that plaintiff has done so based on either: (1) an actual threat posed by an entity in a position to exercise power over a portion of that plaintiff's life, see, e.g., Advanced Textiles, 214 F.3d at 1065 (allowing plaintiffs to proceed anonymously where filing a complaint could subject them to reprisals by their employer and their home country's government); Wolfchild v. United States, 62 Fed. Cl. 521, 553 (2004) (allowing plaintiffs to proceed anonymously where they were seeking membership status in a community that opposed their lawsuit and that had "nearly a plenary power over community membership"); (2) an actual threat of physical harm, see, e.g., Doe No. 1, 143 Fed. Cl. at 241 (allowing employees of the Bureau of Alcohol, Tobacco, Firearms and Explosives who could be endangered by the release of their names to proceed anonymously); or (3) a particularly vulnerable status, see, e.g., Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981) (finding the plaintiffs' status as children "especially persuasive" in the decision to allow them to proceed anonymously). See also Boggs, 143 Fed. Cl. at 514 (reciting cases detailing sufficient severity of harm). Here, plaintiff's fear, as articulated, is not founded on any of these bases. Without more, the court is unable to evaluate properly whether plaintiff's expressed fears are reasonable. But the court does find that plaintiff's expressed fears do not rise to the level of "unusual circumstances" sufficient to justify proceeding anonymously—the legally relevant standard. See id. at 511.

B. Defendant's Interest in Disclosure of Plaintiff's Identity

1. Prejudice to Defendant

Plaintiff argues that granting anonymity would not prejudice the defendant. ECF No. 2 at 4-5 (citation omitted). Plaintiff insists that because the "'risk of reputational or economic harm is not a consideration'" for the government, defendant will not be prejudiced. ECF No. 9 at 5 (emphasis in original) (quoting Candidate No. 452207 v. CFA Inst., 42 F. Supp. 3d 804, 810 (E.D. Va. 2012)). The court agrees that the government, as defendant, is not prejudiced by the sought anonymity, given that it is aware of plaintiff's identity.

2. The Public Interest

Plaintiff also argues that granting anonymity would not "obstruct the public's view of the issues." ECF No. 2 at 4-5 (citation omitted). Defendant responds that plaintiff may not invoke his privacy interest to obstruct the public interest in transparency in judicial proceedings. See ECF No. 8 at 9-10. The court finds that the public has an important interest in judicial transparency.

RCFC 10(a) "serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identity of the parties." Boggs, 143 Fed. Cl. at 517-18 (quoting Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011)). As informed by the purpose of the court's rule, and persuaded by the jurisprudential interpretation thereof, the court determines that a shift of Rule 10(a)'s presumption of transparency "requires [a] showing that the suit could serve an important public interest but would otherwise not be brought if plaintiffs were required to identify themselves." Id. at 520. Here, plaintiff has not made a showing sufficient to rebut that presumption.

C. Balancing the Interests

Although plaintiff has alleged fear of harm, his allegations are generalized and speculative and thus, do not demonstrate the required type of harm that legally militates in favor of anonymity. As such, the public interest in transparency would be compromised by permitting plaintiff to proceed anonymously. The balance of interests in this case weighs against plaintiff's request to proceed under a pseudonym.

## IV. Conclusion

Accordingly, for the foregoing reasons:

(1) Plaintiff's motion to proceed under a pseudonym, ECF No. 2, is **DENIED**;

(2) On or before **March 20, 2020**, plaintiff is directed to **FILE** an **amended complaint** to comply with RCFC 10(a);

(3) The clerk's office is directed to **STRIKE** the administrative record in the case, **ECF No. 10**, which was filed under seal, and defendant's motion to dismiss, **ECF No. 11**; and

(4) On or before **April 10, 2020**, defendant is directed to **FILE** its **answer** or otherwise respond to plaintiff's amended complaint.

IT IS SO ORDERED.

Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge